# United States District Court
# Eastern District of California

| | |
|---|---|
| JASON YONAI, | CV 08-00191 TJH |
| Petitioner, | |
| v. | Order |
| WALKER, CALIFORNIA STATE PRISON, SACRAMENTO, *et al.*, | JS-6 |
| Respondents. | |

    While in prison, Petitioner committed battery, with serious injury, on a prison guard. As a result, he lost 180 days of good time credit. Petitioner filed several petitions for writ of *habeas corpus* in California state courts, alleging that he was wrongfully found guilty of violating the prison rules because of false evidence. He asserted that the incident and medical reports documenting the officer's nose injury were false, and thus, his civil rights, due process rights and *Miranda* rights were violated. All of Petitioner's state petitions were denied. He, then, petitioned for a federal writ of *habeas corpus* under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").

1   A state prisoner must exhaust his federal constitutional claims in state court before a federal court may consider a claim. 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c). To exhaust his claim, the petitioner must present his federal constitutional claim within the four corners of his state petition and present both the operative facts and federal legal theory on which his claim is based so as to provide the state court with a fair opportunity to act on the claim. *Castillo v. McFadden*, 399 F.3d 993, 998-1000 (9th Cir. 2005). Reference to "broad constitutional principles, such as due process, equal protection, and the right to a fair trial," will not satisfy the exhaustion requirement. *Castillo*, 399 F.3d at 999. Additionally, a petitioner does not satisfy the exhaustion requirement to fairly present a claim if the state court must look beyond the petition to be alerted to the presence of a federal claim. *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351, 158 L. Ed. 64, 71 (2004).

Here, Petitioner, did not sufficiently present his federal claims to the state courts. In his state petitions, Petitioner did not indicate how the initial medical and incident report notes were used adversely against him, or that those reports were even used in connection with his administrative proceedings. Instead, Petitioner asserts that the violation report accurately reflected that the officer's nose was not broken. Moreover, he makes no claim that the lack of a broken nose meant he could not still be charged with battery, with serious injury, on a peace office.

Petitioner asserts a denial of due process rights, civil rights, *Miranda* rights, and access to a fair trial as the basis for his federal claims. Such broad reference to broad constitutional principles does not meet the requirement that a petitioner present the operative facts and legal theory to the state courts before petitioning a federal court for writ of *habeas corpus*. *Castillo*, 399 F.3d at 999. Thus, because Petitioner

1 | has not fairly presented his federal claims to the state courts, they have not been
2 | exhausted.
3 |
4 |     It is Ordered that the petition be, and hereby is, Denied.
5 |
6 | Date: June 15, 2012
7 | _____
8 |
9 |                     Terry J. Hatter, Jr.
10 |        Senior United States District Judge